IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-H UNDER THE POOLING AND SERVICING AGREEMENT DATED JUNE 1, 2007,<br>    Plaintiff,<br><br>v.<br><br>JOHN BURKE AND JOANNA BURKE,<br>    Defendant(s). | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling and Servicing Agreement dated June 1, 2007 ("Plaintiff" or "Deutsche") and would respectfully show the Court as follows:

**A.   Parties**

1.   Plaintiff is a corporation with its principal place of business located at 1761 St. Andrews Place, Santa Ana, California 94705.

2.   John Burke and Joanna Burke ("Defendants") are individuals residing at 46 Kingwood Greens Drive, Kingwood, Texas 77339.  Defendant John Burke may be served at his place of residence at 46 Kingwood Greens Drive, Kingwood, Texas 77339.  Defendant Joanna Burke may be served at her place of residence at 46 Kingwood Greens Drive, Kingwood, Texas 77339.

**PLAINTIFF'S ORIGINAL PETITION**                                                                                    1
BDFTE NO.  20100159901407

**B.     Jurisdiction and Venue**

3.     This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and the parties are citizens of different states.  Plaintiff maintains its principal place of business in California and is a citizen of California for purposes of jurisdiction. 12 U.S.C. § 1717(a)(2)(B).  Upon information and belief, Defendants John Burke and Joanna Burke are Texas citizens.

4.     This Court has personal jurisdiction over Defendants because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendants in Texas.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District. Furthermore, by Order of the United States District Court, cv H-11-341, signed March 4, 2011, this suit should be assigned to the United States District Court for the Southern District of Texas, Houston Division, Judge Lynn Hughes presiding.  See Exhibit "E", a true and correct copy of the Order of Dismissal.

**C.     Facts**

6.     On May 21, 2007, Joanna Burke obtained a loan in the amount of $615,000.00 from Indymac Bank, F.S.B., a Federally Chartered Savings Bank ("Indymac").  The loan ("Loan") is evidenced by a Texas Home Equity Note executed by Joanna Burke ("Note") promising to repay that amount, plus interest, in regular monthly installments beginning on July 1, 2007 and ending on June 1, 2037 and a Texas Home Equity Security Instrument executed by Joanna Burke and John Burke ("Security Instrument") securing the obligations under the Note by granting a security interest in the property located at 46 Kingwood Greens Drive, Kingwood, Texas 77339 ("Property") and more particularly described as:

**LOT FIFTY-SIX (56), IN BLOCK TWO (2) OF KINGWOOD GREENS VILLAGE, SECTION FOUR (4), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 397052 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

See Exhibit "A", a true and correct copy of the Note.  See Exhibit "B", a true and correct copy of the Security Instrument.  The Loan was made, in part, to payoff and release an existing prior mortgage granted by Defendants to American Home Mortgage in the amount of $174,344.27 ("AHM Lien").

7. The Loan was made pursuant to Art. XVI, Sec. 50(a)(6) et seq. of the Texas Constitution ("Texas Home Equity Amendment").

8. Following execution of the Loan, the Loan was acquired by the trust of which Deutsche is the trustee.  See Exhibit "C", a true and correct copy of Assignment of Deed of Trust.  Defendants defaulted by failing to make all of the payments required by the Loan.  As a result of the Defendants' default, Deutsche, as trustee, by and through its mortgage servicer, Indymac, notified Defendants that the Loan was in default, that they had thirty (30) days to cure the default and, if they failed to cure the default within thirty (30) days, the maturity of the Loan would be accelerated.  Defendants did not cure the default in the time and manner required and, therefore, the Loan was accelerated by Plaintiff.  See Exhibit "D", a true and correct copy of Notice of Acceleration.

9. Deutsche hereby invokes the Texas Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice & Remedies Code, and seeks a judgment declaring the rights and obligations of Defendants with respect to the Loan and the Property.  The Texas Home Equity Amendment requires, among other things, that a lien created thereunder may be foreclosed upon only by a court order.  TEX. CONT. Art. XVI, Sec. 50(1)(6)(D).  Rule 735 of the Texas Rules of

Civil Procedure provides that a party seeking to foreclose a lien created under the Texas Home Equity Amendment may file suit seeking judicial foreclosure, a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure or an application for foreclosure under Rule 736. TEX. R. CIV. P. 735.

10.  Pursuant to Rule 735(2), Deutsche hereby files this suit seeking a final judgment which includes a declaration allowing Deutsche, directly or through its mortgage servicer, to conduct a non-judicial foreclosure sale.  Specifically, Deutsche seeks a declaration that: (1) the Loan is a valid and enforceable contract: (2) Deutsche has performed all of its obligations under the Loan; (3) Defendants have failed to perform all of their obligations under the Loan; (4) Defendants' failure and refusal to pay the monthly installments due under the Loan constitutes a material breach of the terms of the Loan; (5) Deutsche has provided Defendants with notice that the Loan was in default and that, if they did not timely cure the default, the maturity of the loan would be accelerated; (6) Defendants did not cure the default; (7) Deutsche has provided Defendants with notice that the maturity of the Loan was accelerated: (8) Defendants have not discharged the total balance due under the Loan; (9) Deutsche is entitled to foreclose the Deed of Trust and sell the Property at a non-judicial foreclosure sale upon providing notice of the sale required by Section 51.002(b) of the Texas Property Code; and (10) upon foreclosure of the Deed of Trust and sale of the Property, Deutsche, should it acquire the Property at the sale, is entitled to possession of the Property within thirty (30) days after the say of the sale.

11.  Deutsche further seeks to recover its attorneys' fees and costs of court incurred in preparing and presenting this claim.

**D.   Judicial Foreclosure and Writ of Possession**

12.  Pleading further, and in the alternative, Deutsche sues for judicial foreclosure of the Deed of Trust and sale of the Property at a judicial foreclosure sale, pursuant to Rule 735(1)

BDFTE NO.  20100159901407

of the Texas Rules of Civil Procedure. Pursuant to Rule 309 of the Texas Rules of Civil Procedure, Deutsche seeks a judgment for the foreclosure of the Deed of Trust, together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the payoff of the Note at the time of the judgment. Further, pursuant to Rule 310 of the Texas Rules of Civil Procedure, Deutsche seeks a judgment for writ of possession in favor of the purchaser of the Property sold in accordance with Rule 309 of the Texas Rules of Civil Procedure against Defendants, and/or any person claiming possession by, through or under the Defendants. If Defendants, or any person claiming under Defendants, occupies or claims possession of the Property after the sale in accordance with Rule 309 of the Texas Rules of Civil Procedure, Deutsche is entitled to a judgment for a writ of possession to place the purchaser of the sale in possession of the Property within thirty (30) days after the day of the sale.

**E. Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and, the court enter judgment that:

1. A declaration that Plaintiff's statutory probate lien against the Property may be enforced by a public auction or foreclosure sale;

2. A writ of possession against any Occupants of the Property if they fail or refuse to leave the Property after foreclosure;

3. A declaration that Plaintiff is vested with all right title and interest in the property;

4. An Order to proceed with foreclosure pursuant to Tex. Prop. Code § 51.002 and in compliance with T.R.C.P 735 and 736;

5. All other relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

_____/s/Jason A. LeBoeuf_____
Jason A. LeBoeuf
State Bar No. 24032662
15000 Surveyor Boulevard, Suite 100
Addison, Texas 75001
(972) 386-5040 Telephone
(972) 341-0734 Facsimile
jasonl@bdfgroup.com