UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NAT'L TRUST CO., as Trustee of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling and Servicing Agreement dated June 1, 2007,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN BURKE and JOANNA BURKE,<br><br>*Defendants*. | §§§§§§§§§§§§§§ | CIVIL ACTION 4:11-CV-01658 |

## ORDER

Plaintiff Deutsche Bank National Trust Co. and defendants John and Joanna Burke's motions for summary judgment are before this court. (Dkts. 39, 41). Based upon the parties' briefs and a hearing held on August 20, 2014, both motions are denied.

## I. Background

According to the petition, on May 21, 2007, defendants John and Joanna Burke received a home equity loan in the amount of $615,000 in exchange for signing a security instrument (also known as a deed of trust) and note with lender IndyMac Bank, securing the Burkes' home and property in Kingwood, Texas. (Dkts. 1, 1-1). The security instrument required the Burkes to make monthly payments over thirty years and authorized the lender to foreclose on the property in the event of a default on the loan. (Dkts. 1, 1-1). Allegedly, the Residential Asset Securitization Trust, of which Deutsche Bank National Trust Co. is a trustee, subsequently came to acquire the note securing the Burkes' home. (Dkt. 1).

The complaint alleges and the Burkes deny that the Burkes defaulted on their loan

payments. (Dkt. 1). On or about February 10, 2011, Deutsche Bank, via its mortgage servicer OneWest Bank, F.S.B., notified the Burkes that they had thirty days to cure in full the default. (Dkt. 1-4). The Burkes subsequently failed to cure their alleged default. (Dkt. 1).

On April 29, 2011, Deutsche Bank filed a petition seeking declaratory judgment and a judicial foreclosure on the Burkes' home. (Dkt. 1). Deutsche Bank filed for summary judgment on December 2, 2013. (Dkt. 39). The Burkes filed for summary judgment on December 20, 2013. (Dkt. 41).

## II. Analysis

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); FED.R.CIV.P. 56(c). The movant bears the burden to prove that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1993).

*A. Deutsche Bank's Motion for Summary Judgment*

To prevail at summary judgment under the applicable Texas substantive law, Deutsche Bank must show, among other elements, that it is the "legal owner and holder" of the Burkes' security instrument. *RTC v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (citing *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App. 1983)). Mere possession of the note is insufficient to show ownership. *FDIC v. Hutcheson*, 1993 WL 117828, at *2 (5th Cir. 1993) (citing *RTC v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)). The party asserting ownership of a note "bears the burden of proving up the transaction whereby it acquired the note, before it is entitled to holder-in-due-course status." *See Hutcheson*, 1993 WL 117828, at *2.

2

An affidavit used to support a motion for summary judgment "must be made on personal knowledge," contain facts that would be admissible into evidence at trial, and show the affiant is competent to testify on the matters in the affidavit. Fed.R.Civ.P. 56(c)(4); *see also Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512 (5th Cir. 2012). The trial court must determine that the affidavit is made on personal knowledge, based not on the affiant's conclusions but on facts in the affidavit itself. *Meadaa v. K.A.P. Enterprises, LLC*, 756 F.3d 875, 881 (5th Cir. 2014); *Priesmeyer v. Pac. Southwest Bank., F.S.B.*, 917 S.W.2d 937, 940 (Tex. App. 1996) (affiant must show personal knowledge by stated facts). A court disregards any parts of an affidavit that fail to comply with Rule 56(c)(4) when considering a motion for summary judgment. *Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 531 (5th Cir. 1992).

Courts also disregard affidavits in support of bank ownership of a note that are "internally inconsistent" without a proper explanation for that inconsistency. *Jernigan v. Bank One, Texas*, 803 S.W.2d 774, 777 (Tex. App. 1991) (court strikes affidavit that claims bank owns note where note also "raises an inference" of a different owner); *First Gibraltar Bank v. Farley*, 895 S.W.2d 425, 429 (Tex. App. 1995). If there is a potential gap in ownership of a note based on an affiant's testimony, the affidavit will not permit summary judgment. *Farley*, 895 S.W.2d at 428-29 (fact issue created by affidavit showing title "may" not have transferred to party claiming ownership).

Finally, an affidavit is inadmissible where the affiant's claims rely on hearsay. Hearsay is a statement made out of court to prove the truth of the matter asserted in the

3

statement and is inadmissible. FED.R.EVID. 802. Rule 803(6), however, does permit business record hearsay where "the custodian or another qualified witness" shows:

> (A) the record was made at or near the time by–or from information transmitted by–someone with knowledge; (B) the record was kept in the course of a regularly conducted acitivity of a business . . . [and] (C) making the record was a regular practice of that activity . . . .

FED.R.EVID. 803(6). The document must not "indicate a lack of trustworthiness." *Id.*

On November 1, 2013, Ocwen Loan Servicing, LLC replaced OneWest as servicer of the Burkes' mortgage. (Dkt. 39-1). In support of its motion, Deutsche Bank relies on a December 2, 2013 affidavit supplied by Flora Rashtchy, an employee of Ocwen. (Dkt. 39-1). This affidavit attempts to prove that Deutsche Bank is the current owner and holder of the note signed by the Burkes and IndyMac, the original mortgagee, and is the beneficiary of the deed of trust. (Dkt. 39-1, at 3). Ms. Rashtchy purports to authenticate the (1) note, dated May 21, 2007; (2) security instrument, dated May 21, 2007; (3) assignment of deed of trust, dated January 20, 2011; and (4) notice of default, dated March 9, 2010. Ms. Rashtchy states the following in her affidavit:

> The information provided and documents referenced in this affidavit are from records kept by Ocwen in the regular course of its business activity, and it was the regular practice of Ocwen *for an employee or representative of Ocwen* with knowledge of the act, event, condition, opinion, or diagnosis that was recorded *to make this record* to transmit the information to be included in this record. The records were made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded.

(Dkt. 39-1, at 2) (emphases added). Paragraph eight of Ms. Rashtchy's affidavit states that an employee of Ocwen, with knowledge of the execution and recording of the deed of trust, made the record or transmitted information included in that record. (Dkt. 39-1, at 3.)

However, Ocwen only began servicing the loan in question on November 1, 2013; the

4

record discloses no involvement with the loan prior to that date. (Dkt. 39-1, at 3). It is highly implausible–and Ocwen's affidavit offers nothing to address this implausibility–that any Ocwen employee or representative had personal knowledge of the acts, events, and so on described in the above four documents created between 2007 and 2011. Ms. Rashtchy does not identify the Ocwen employee with this personal knowledge. Further, none of the documents purportedly authenticated by the affidavit were created by an Ocwen employee. (*See* Dkts. 39-1–39-4). In particular, the note upon which Deutsche Bank is attempting to foreclose is undated and signed by Cathy Powers, a Vice President of IndyMac, not Ocwen. (Dkt. 39-2, at 4).

Without personal knowledge relating to the underlying events, an affiant's statement is inadequate to support an order of summary judgment. *See* FED.R.CIV.P. 56 ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible . . . and show that the affiant . . . is competent to testify on the matters stated."); *see also McCrary*, 977 F.2d at 194-95; *Selaiden Builders*, 973 F.2d at 1254; *Leavings v. Mills*, 175 S.W.3d 301, 312-13 (Tex. App. 2004).[1]

---

[1] The Fifth Circuit has found that "an affidavit of an FDIC account officer is not defective solely because the officer did not have personal knowledge of the loan transaction when it occurred, and only learned about the loan after the bank went into receivership." *Dalton v. FDIC*, 987 F.2d 1216, 1223 (5th Cir. 1993); *RTC v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992). However, those cases are distinguishable because the affidavits were submitted on behalf of successor entities. Here the affidavit was submitted by an employee of the servicer, not the entity that holds or owns the note or trust deed. The Fifth Circuit has addressed other related but not directly applicable instances. *See Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x. 564 (5th Cir. 2013) (upholding summary judgment for bank on affidavit of bank note holder, not loan servicer, and additional supporting evidence); *Rust v. Bank of America*, 2014 WL 2726841 (5th Cir. 2014) (upholding affidavit as summary judgment evidence where affiant was employee of bank that was both note holder and loan servicer through its subsidiary); *see also Whittier v. Ocwen Loan Servicing, LLC*, 2013 WL 5425294 (S.D. Tex. 2013) (accepting servicer employee affidavit when bank's servicer took over account *prior* to assignment of note to bank).

The Ocwen affidavit also poses an unavoidable hearsay problem. Unlike in some foreclosure cases where an affidavit successfully references records created by the affiant's employer,[2] Ocwen relies on records created by another entity, IndyMac. Since the business records were not created by an Ocwen employee, Ms. Rashtchy lacks sufficient knowledge of the creation of these records to satisfy Rule 803(6)'s requirements. Despite her assurances about the records' validity, which, as already discussed, bear key factual inconsistencies, Ms. Rashtchy neither lays the foundation to validate the affidavit attachments under the business records exception nor dispenses with critical indications of "a lack of trustworthiness." *See* FED.R.EVID. 803(6).

Because Ms. Rashtchy's affidavit does not show how an Ocwen employee would have personal knowledge that Deutsche Bank is the proper holder and owner of the Burkes' note, that affidavit does not constitute competent evidence in support of summary judgment for Deutsche Bank. Whether Deutsche Bank is indeed the owner and holder of the note is still at issue; therefore, summary judgment for Deutsche Bank is inappropriate.

B. *The Burkes' Motion for Summary Judgment*

The Burkes move for summary judgment on various grounds. (*See* Dkt. 41). The Burkes' motion fails because it is unsupported by the evidence submitted.

Most of the Burkes' allegations–for example, their statements that Deutsche Bank and IndyMac were involved in fraud–completely lack any evidentiary foundation. (*See* Dkt.

---

[2] Some federal courts have found such records admissible under different circumstances. *See Selaiden Brothers*, 973 F.2d at 1254 n.12 (ownership of note established by affidavit in receivership context); *Citibank, N.A. v. Wilbern*, 2014 WL 1292374, at *4 (N.D. Ill. 2014) (loan servicer employee with knowledge of *creation*, as well as maintenance, of records able to testify for Rule 803(6) purposes); *Deutsche Bank Nat. Trust Co. v. Tapla*, 2013 WL 4804855 (N.D. Ill. 2013) (affidavit sufficient to establish amount owed on note, not right to foreclose).

39). Their primary evidence is an affidavit supplied by Charles K. Lamm, a "Chief Fraud Examiner," who claims to have identified several irregularities with the loan's chain of title. (Dkt. 41-1). However, Mr. Lamm has not been designated as an expert witness and the court excludes his evidence. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir.2007); FED.R.CIV.P. 16(b); *see also Consol. Envtl. Mgmt., Inc.–Nucor Steel Louisiana v. Zen-Noh Grain Corp.*, 981 F. Supp. 2d 523, 535 (E.D. La. 2013). Further, several of Mr. Lamm's exhibits, including his audit reports and lien summary report, have not been authenticated. *See* Fed. R. Civ. P 901(a); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence."). Thus, the Burkes' motion does not prove that judgment in their favor is merited as a matter of law.

### III. Conclusion

For these reasons, Deutsche Bank's motion for summary judgment is DENIED and the Burkes' motion for summary judgment is DENIED. The parties are ORDERED to engage in mediation and prepare a report on or before December 1, 2014, updating the court on the results of mediation. Trial is set for February 2, 2015.

Signed at Houston, Texas on September 16, 2014.

Stephen Wm Smith
United States Magistrate Judge