**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEUTSCHE BANK NAT'L TRUST CO., as Trustee of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling and Servicing Agreement dated June 1, 2007, | §§§§§§§§§ | |
| *Plaintiff*, | §§ | |
| v. | §§ | CIVIL ACTION 4:11-CV-01658 |
| JOHN BURKE and JOANNA BURKE, | §§§ | |
| *Defendants*. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Deutsche Bank National Trust Co. sued to foreclose a lien created under the Texas Home Equity Amendment against defendants John Burke and Joanna Burke. Deutsche Bank seeks a declaration that it is vested with all title and interest in the property, as well as an order authorizing it to proceed with foreclosure pursuant to Texas Property Code § 51.002. The parties consented to magistrate judge jurisdiction.

A bench trial was conducted on February 6, 2015. The court now makes the following findings of fact and conclusions of law. Any finding of fact that should be a conclusion of law is deemed a conclusion of law, and vice versa.

**Findings of Fact**

1.      Deutsche Bank National Trust Company is a corporation with its principal place of business in Santa Ana, California, and brings this suit in its capacity as Trustee of the

Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series

2007-H under the Pooling and Servicing Agreement dated June 1, 2007 ("Deutsche Bank").

2.      Defendants John and Joanna Burke are individuals and homeowners residing at 46

Kingwood Greens Drive, Kingwood, Texas 77339.

**2007 Home Equity Loan**

3.      In 2007, the Burkes applied for a home equity loan, which was initially rejected by

IndyMac Bank, F.S.B. because they had no income. (Tr. 81-82)

4.      Some time later, a different representative of IndyMac Bank called to advise that the

loan would be approved, and that the Burkes' previous contact at the bank had been fired.

(Tr. 82)

5.      On May 21, 2007, Joanna Burke alone executed a note containing a promise to pay

IndyMac Bank $615,000 plus interest in certain monthly installments in exchange for a loan

from IndyMac Bank in that amount. (Tr. 36-37)

5.      The note was secured by a Texas Home Equity Security Instrument (a deed of trust)

placing a lien on their home in Kingwood, Texas. (P.Ex. 1)

7.      Under the deed of trust, John and Joanna Burke were the borrowers and IndyMac

Bank was the secured lender as well as the loan servicer. (P.Ex. 1; Tr. 62-63)

8.      At all times relevant to this case, the Burkes were retired and had no employment

income. (Tr. 81)

9.      Four days after closing, the Burkes received loan documentation from IndyMac, including an unsigned loan application form falsely declaring that the borrowers' employment income was $10,416.67 monthly (or exactly $125,000 per year). (Tr. 79; D.Ex. 2)

10.     This false income declaration was knowingly made by IndyMac because the Burkes never claimed any employment income during the loan process. (Tr. 80-82)

11.     The Burkes promptly notified IndyMac of the inaccurate income figure, but no satisfactory answer was ever given. (Tr. 83-84)

**Events of 2008-2009**

12.     On July 11, 2008, IndyMac Bank was closed by the Office of Thrift Supervision and substantially all of its assets were transferred to IndyMac Federal Bank, FSB. (P.Ex. 6)

13.     During that year, the Burkes repeatedly complained to IndyMac Federal that their monthly payments were being placed in suspense, rather than applied towards the mortgage. (Tr. 51-52)

14.     Also during this time, the Burkes applied for a loan modification, and were told that the borrower had to be three months in arrears in order to be eligible. (Tr. 54-55)

15.     The Burkes withheld three monthly payments in accordance with those instructions, only to be told that the arrearage had to be paid in order to receive a modification; arrangements were made to pay the arrearage, but no modification was approved. (Tr. 54-55)

16.     On March 19, 2009, IndyMac Federal was placed in receivership by the FDIC and substantially all its assets were sold to OneWest Bank, FSB. (P.Ex. 6)

17.     On June 15, 2009, plaintiff Joanna Burke filed a lawsuit in Harris County small claims court complaining about the conduct of IndyMac Federal referred to in paragraphs 13 through 15; the case was removed to federal court and ultimately dismissed. (Tr. 56)

18.     The Burkes made payments on the note through December 2009; the last time they attempted payment, the bank returned their check to them. (Tr. 37-38, 60-62)

**Events of 2010-2011**

19.     By letter dated March 9, 2010, IndyMac Mortgage Services gave the Burkes notice of default, and opportunity to cure the default by April 10, 2010. (P. Ex. 4; Tr.50)

20.     On December 6, 2010, the Burkes filed suit in Harris County District Court against IndyMac Mortgage Services, Deutsche Bank, and Mortgage Electronic Registration Systems for breach of contract and predatory lending practices. (Cause No. 2010-79352, 133rd Judicial District Court). Following removal to this court, the case was dismissed by District Judge Lynn Hughes on March 3, 2011, subject to the condition that "if the case is re-filed, it must be re-filed in this court." (Tr. 57-58)

21.     On January 20, 2011, Mortgage Electronic Registration Systems, Inc., acting as nominee for the lender IndyMac Bank, F.S.B., its successors and assigns, executed a document entitled "Assignment of Deed of Trust," purporting to assign all rights under the Burkes' loan agreement to Deutsche Bank. (P. Ex. 2)

22.     The effective date of the purported assignment was conveniently backdated to April 9, 2010, one day prior to the default cure deadline set by the notice of default letter described above. (P. Ex. 2)

23.     The language of the assignment, its signature block, and corporate acknowledgment repeatedly confirm the limited capacity in which the assignor was acting: "Mortgage Electronic Registration Systems, Inc., as nominee for, IndyMac Bank, F.S.B., its successors and assigns." (P.Ex. 2)

24.     It is undisputed that IndyMac Bank, F.S.B. went defunct more than two years prior to this purported assignment. (P.Ex. 6)

25.     By letter dated February 10, 2011, a law firm representing a mortgage servicer gave the Burkes notice of intent to accelerate the maturity of the debt under the note. The letter stated that OneWest Bank, FSB was the mortgage servicer representing the mortgagee, Deutsche Bank. (P.Ex. 5)

26.     This lawsuit was filed on April 29, 2011.

### Conclusions of Law

1.     Jurisdiction is based on diversity of citizenship, as there is complete diversity between the plaintiff and the defendants.

2.     In determining whether a party is entitled to foreclose on a note, a federal court applies the substantive law of the forum state, in this case Texas. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995).

3.     The Burkes' loan was made pursuant to Art. XVI, Sec. 50(a)(6) of the Texas Constitution ("Texas Home Equity Amendment").

4.     The Texas Home Equity Amendment requires, among other things, that a lien created thereunder may be foreclosed upon only by a court order. TEX. CONST. Art. XVI, Sec. 50(a)(6)(D).

5.     Deutsche Bank seeks a declaratory judgment declaring the rights and obligations of the Burkes with respect to the loan and the property, and in particular seeks a final judgment authorizing a non-judicial foreclosure sale under Section 51.002 of the Texas Property Code. Dkt. 1, ¶¶ 9, 10.

6.     Under the Texas Property Code, the only party entitled to initiate a non-judicial foreclosure sale is the mortgagee or the mortgage servicer acting on behalf of the current mortgagee. A "mortgagee" is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4).

7.     When, as here, the party seeking to foreclose is not the original lender, that party must be able to trace its rights under the security instrument back to the original mortgagee. *See, e.g. Leavings v. Mills,* 175 S.W.3d 301, 310 (Tex.App.–Houston [1st Dist.] 2004) (no pet).

8.     Texas courts follow the majority rule that an obligor may defend against an assignee's efforts to enforce the obligation on any ground that renders the assignment void or absolutely invalid. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) ("A contrary rule would lead to the odd result that Deutsche Bank could foreclose on the Reinagels' property even though it is not a valid party to the deed of trust or promissory

note") (citing *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App. 1959)); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012) (recognizing that mortgagors can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title).

9.      The only evidence offered by Deutsche Bank to establish its right to foreclose as mortgagee is the purported Assignment of Deed of Trust executed on January 20, 2011 (P.Ex. 2). Deutsche Bank presented no evidence regarding any negotiation or assignment of the underlying note, or who the current holder or owner of that note might be.

10.     The purported assignment of January 20, 2011 is void and absolutely invalid for the following reasons: (A) the putative assignor, IndyMac Bank, F.S.B., had been defunct for more than two years at the time of execution, and therefore had no legal existence or capacity to act; (B) the party executing the assignment, Mortgage Electronic Registration Systems, Inc., acted solely in its capacity as "nominee for IndyMac Bank F.S.B., its successors and assigns," not in its own behalf or any other capacity; (C) the document does not specify who the successors or assigns might be, whether they had any rights under the Burkes' note or security instrument, and if so how they obtained those rights; and finally (D) the curious backdating of the document by nine months–its "effective" date preceded the default cure date by exactly one day–confirms the suspicion that this document was generated to obscure the chain of title inquiry rather than to illuminate it.

11.     A proper chain of title inquiry requires proof of "an unbroken chain of assignments" from the original mortgagee to the party claiming the right to foreclose. *Leavings*, 175 S.W.3d at 310. On this record, there is no way to tell which entity, if any, currently possesses the right to foreclose on the Burkes' property lien. IndyMac Bank's immediate successor, IndyMac Bank Federal, was shut down in 2009, and most (but not all) of its assets were sold to OneWest Bank, FSB. Nothing in the record indicates whether the Burkes' note and security interest were among the specific assets transferred to IndyMac Bank Federal, or to OneWest Bank, or perhaps to some other entity along the way.

12.     Accordingly, the court concludes that neither Deutsche Bank nor any mortgage servicer acting on its behalf has the right to foreclose on the Burkes' Kingwood residence.

13.     The court further concludes that at no time has Deutsche Bank possessed any right, title, or interest in the Burkes' note and security interest executed on May 21, 2007.


        Signed at Houston, Texas on March 13, 2015.




                                                Stephen Wm Smith
                                                United States Magistrate Judge