IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF TEXAS, HOUSTON DIVISION

Civil Action No. 4: 11-cv-01658

United States District Court
Southern District of Texas
FILED
JUL 11 2016
David J. Bradley, Clerk of Court

Deutsche Bank National Trust Co., )
as )
The Residential Asset Securitization )
Trust 2007-A8, Mortgage Pass- )
Through Certificates, Series 2007-H )
Under the Pooling and Servicing )
agreement dated June 1 2007 )
)
      Plaintiff,
vs.

John Burke and Joanna
Defendants'.

) OBJECTION TO PLAINTIFFS' NOTICE
) OF APPEARANCE AND NOTICE TO
) WITHDRAW COUNSEL.
) DEFENDANTS' MOTION TO DISMISS
) OPPOSING COUNSEL HOPKINS LAW
) AND SUMMARY JUDGMENT
) REAFFIRMED IN FAVOR OF
) DEFENDANTS

**OBJECTION TO PLAINTIFFS' NOTICE OF APPEARANCE &
NOTICE TO WITHDRAW COUNSEL.
DEFENDANTS' MOTION TO DISMISS OPPOSING COUNSEL
HOPKINS LAW & SUMMARY JUDGMENT REAFFIRMED IN FAVOR
OF DEFENDANTS.**

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Defendants and hereby object to the above notice by Plaintiffs' attorneys, submitted June 21, 2016. Defendants present their objections together with a Motion to Dismiss Opposing Counsel, Hopkins Law. Furthermore, Defendants respectfully request the record, motions, pleadings and filings pertaining

1

to Hopkins Law be stricken from the record and Summary Judgment in favor of the Defendants' reaffirmed.

## UNETHICAL FAILURE TO NOTIFY THIS COURT OF CHANGE OF LAW FIRM - UNDER THE GUISE OF CHANGE OF LEAD COUNSEL

When Mr. Coury M. Jacocks, the last in line of several BDF attorneys, and who represented the Plaintiffs' at the Bench trial, failed to win for the Plaintiff, Mr. Jacocks left BDF. This was not accurately reflected in the Court record by Hopkins Law, a known act of zealous deception and manipulation by the said firm.[1] The Defendants will show Hopkins Law injected themselves into this case illegally.

## APPLICABLE LAW AND RULES OF ETHICS

Attorneys are subject to the professional and ethical rules of the forum in which they practice. The Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and

---

[1] As early as the 1980s, the United States District Court for the Northern District of Texas identified a "pernicious" practice of professional bullying, commenting that "[w]ith alarming frequency, we find that valuable judicial and attorney time is consumed in resolving unnecessary contention and sharp practices between lawyers . . . [and] refereeing abusive litigation tactics that range from benign incivility to outright obstruction." *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988). Despite judicial condemnation, attorneys throughout the country still use sharp practice or aggressive tactics and treat opposing counsel and parties with disrespect. *See Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779 (7th Cir. 1991) ("professional incivility [is] a situation of general concern in this circuit and elsewhere. Model Rules and their state counterparts impose ethical obligations on counsel to behave professionally, even while zealously advocating for their clients.

both the Texas State Bar and American Bar Association's ("ABA") Model Rules of Professional Conduct.

Generally, an attorney may withdraw from representing a party in a case without the Court's permission if another member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member in good standing of the Bar of this Court representing that party. In that circumstance, the withdrawing attorney would complete and file "Notice of Appearance or Withdrawal of Counsel".

**Notably, however, Court permission for withdrawal or substitution is required if no member of the withdrawing attorney's firm or agency will remain as counsel of record.**

In such circumstances, the attorney(s) seeking to withdraw would file a notice of appearance or withdrawal of counsel and submit a proposed order regards same to the Court. If the circumstances surrounding an attorney's withdrawal or request to substitute other counsel are unique, a regularly noticed motion supported by a more detailed memorandum of points and authorities would be submitted.

## FACTS

BDF Law Group and their attorneys have represented the Plaintiffs since inception of this law suit. Mr. Jackocks represented the Plaintiffs at the bench trial.

3

The following events took place after the Hon. Judge Smith ruled in favor of the Defendants:

(i) Doc. 79, filed and recorded on 31st March 2015, is a Notice of Appearance of New Counsel. It is a submission by an entirely new law firm, namely Hopkins Law. Inspection of this document reveals it is asking the court to approve attorney Mark Hopkins as Lead Counsel.

(ii) Suspiciously, *Doc. 79* does not ask for withdrawal of Mr. Jackocks, BDF Law Group. This means there are two separate law firms representing the Plaintiff in this law suit.

(iii) Attorneys seeking to withdraw from a case must first obtain the Courts permission. Nothing about Mr. Jacocks withdrawal is mentioned in this filing (March 2015).

(iv) On Thursday, June 16, 2016, there was a status hearing. Mrs. Burke objected to "Bounty Hunter" Mark Hopkins of Hopkins Law, claiming "He is a debt collector who purchased the debt for cents on the dollar".

(v) On Tuesday, June 21, 2016, some 15 months after *Doc. 79* (where Hopkins Law self-appointed themselves to this case), this Hon. Court receives and records *Doc. 108*, Notice of Appearance of Co-Counsel and Request to Withdraw Coury Jacocks as Counsel. Notably, no "Order" is attached by Hopkins Law.

4

(vi) No requests to Withdraw are submitted by Mr. Jacocks or BDF during this period, March 2015 - June 2016, to this Hon. Court. In other words, after the bench trial, Mr. Jacocks is conspicuously absent by silence.[2]

## ABOUT HOPKINS LAW

After Mr. Jacocks was removed from the case and left the firm, it would be reasonable to assume another attorney from BDF for any appeal would have been substituted and recorded.[3] Instead, BDF Law Group is replaced by a completely new Law Firm, namely Hopkins Law of Austin, Texas.

However, this Hon. Court record reflects that Mr. Jacocks of BDF was not replaced. Instead, Mr. Hopkins made it appear he was now "lead counsel". To anyone reviewing this case file, he was now enjoined with Mr. Jacocks of BDF, on the case. (*See Doc 79, dated March 31, 2015*).

Coincidentally, and immediately after Mrs. Burkes' statements made in Court (at the June 16th status hearing, held in Court in Houston), regarding Hopkins Law firm being referred to as "Bounty Hunters", suspiciously they suddenly file this

---

[2] Silence is not the same thing as consent. Selby v. Revlon Consumer Prod. Corp., 6 F. Supp. 2d 577, 582 (N.D. Tex. 1997). See RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 122 cmt. c(i) (2000). "Ambiguities in a client's purported expression of consent should be construed against the lawyer seeking the protection of the consent. In general, a lawyer may not assume consent from a client's silent acquiescence.".

[3] Even though Defendants thought this law suit was at an end.

Motion to withdraw Mr. Jacocks - literally by the time Mark Hopkins feet landed back in Austin.

Mr. Hopkins has submitted this latest request to add his wife as Co-Counsel and attempts to remove Mr. Jacocks with a "By the way, we forgot to let you know that BDF are not the law firm on this case as Jacocks has a new job".

The Burkes' strongly maintain the view that Hopkins Law purchased the debt from the Plaintiffs and the case was already at an end by that time as this Court had already ruled for the Defendants.

In the Burke's view, the tactics used by this manipulation of filing as an attorney not as a new firm, is based on "tolling" *e.g.* the law would demand the Plaintiff refile a new case. This would be impossible in this case, due to the Statute of Limitations.

In effect Hopkins Law clouded the rules pertaining to withdrawal and replacement of a new law firm – not just a lawyer change in-house - abused professional ethics to revive the case and allow his firm to attach itself to the law suit by manipulation and deceptive practices.

(i) Mr. Hopkins abused the legal system by keeping "the Bank" as the plaintiff and applied himself as lead counsel *(Doc. 79)*.

(ii) In this matter, improper notification about the change of attorney - which is actually a change of law firm - is a material and known misrepresentation to this court.

(iii) According to Texas Law, this is procedurally defective and is a blatant attempt to cover up the error by using his wife's "Co-Counsel" appointment as a smoke-screen for this material error in law.

(iv) As stated above, replacing BDF with a new Law Firm appointment is far more serious. Texas Law has stringent procedural requests to Withdraw a Law Firm and replace it with another and it requires approval by this Hon. Court. The methods engaged by Hopkins Law in their submissions have proven to be materially harmful, egregious in nature and deceptive practices before this Hon. Court.

WHEREFORE, PREMISES CONSIDERED, Defendants John Burke and Joanna Burke, pray that its Motion to Dismiss Opposing Counsel Hopkins Law, the record be stricken pertaining as stated, and Summary Judgment be REAFFIRMED in favor of the Defendants, and for such further relief in law or at equity to which it may show itself entitled.

RESPECTFULLY submitted this 8th day of July, 2016.

My name is Joanna Burke, my date of birth is November 25, 1938, my address is 46, Kingwood Greens Dr, Kingwood, TX 77339 and I declare under penalty of perjury that the foregoing is true and correct.

/S/ Joanna Burke

Joanna Burke / State of Texas / Pro Se
46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
FAX # +1(866) 705-0576

My name is John Burke, my date of birth is July 16, 1937, my address is 46, Kingwood Greens Dr, Kingwood, TX 77339 and I declare under penalty of perjury that the foregoing is true and correct.

/S/ John Burke

John Burke / State of Texas / Pro Se
46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
FAX # +1(866) 705-0576

Civil Action No. 4:11-cv-01658

## CERTIFICATE OF SERVICE

I hereby certify that on July 8th, 2015, I served copies to the District Court, by USPS Priority Mail;

Clerk of Court
United States District Court
515 Rusk St
Courtroom 703
Houston TX 77002

And also served copies to the following parties, by U.S. first class mail:

Mr. Mark D. Hopkins
HOPKINS LAW, PLLC
12117 Bee Caves Rd., Suite 260
Austin, Texas 78738
(512) 600-4320; (512) 600-4326 Fax
mark@hopkinslawtexas.com

/S/ Joanna Burke
Joanna Burke / State of Texas / Pro Se

/S/ John Burke
John Burke / State of Texas / Pro Se